Mrs. Millie **HUESCHEN**, wife of/and James W. Lawrence, Plaintiffs-Appellees-Cross Appellants,

v.

**FLUOR OCEAN SERVICES, INC.**, Defendant-Appellant-Cross Appellee.

No. 73–1917

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 6, 1973.

Rehearing and Rehearing En Banc Denied Dec. 17, 1973.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

award of damages for loss of love and affection was erroneous. We agree. In the recent case of Canal Barge Co. v. Griffith, 5th Cir. 1973, 480 F.2d 11, the court decided that damages for survivors' grief were not available under the general maritime law wrongful death action created by Moragne v. States Marine Lines, 1970, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339. Such damages are also unavailable under the Jones Act and the Death on the High Seas Act. Canal Barge Co. v. Griffith, *supra*, 480 F.2d at 31. Appellees therefore may not receive an award for loss of Lawrence's love and affection.

On cross appeal Lawrence's parents contend the trial court erred in refusing to award pain and suffering damages and in underestimating the contribution Lawrence would have made to his parents during their lifetimes. In regard to the first contention the trial court found specifically that Lawrence was killed instantaneously and that he had no conscious pain and suffering. Hence it awarded no damages for pain and suffering. The trial court's conclusion that Lawrence had no conscious pain and suffering is a finding of fact, and we cannot say it was clearly erroneous. Fed.Rules Civ.Proc., rule 52(a), 28 U.S.C.A.

We reach the same result in reviewing the trial court's award for loss of financial support. Although Lawrence had contributed a large portion of each paycheck to his parents before he died, the trial court found that his contributions would have diminished when his father became gainfully employed. We cannot say the trial court's finding in this regard is clearly erroneous.

For the reasons stated above we affirm the trial court award for loss of support and reduce the total judgment by $60,000 to reflect the legal unavailability of damages for loss of love and affection. We find no merit in plaintiffs' cross appeal.

The judgment for plaintiffs as modified is affirmed.

Robert M. Contois, Jr., New Orleans, La., for defendant-appellant.

Thomas L. Giraud, New Orleans, La., for plaintiffs-appellees.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

Standing on a barge in the Gulf of Mexico, William Lawrence was killed instantly when a wildly whipping cable severed his head from his shoulders. The barge was owned by defendant Fluor Ocean Services, Inc. His parents brought this action seeking damages under the Jones Act, 46 U.S.C. § 688, the Death on the High Seas Act, 46 U.S.C. §§ 761–68, and the general maritime law. The trial court found that the barge's unseaworthiness proximately caused Lawrence's death. It awarded $60,000 for loss of love and affection and $7,331.13 for loss of future support.

On appeal appellant Fluor Ocean Services contends that the trial court's